## JACKSON W. WHITE vs. JAMES ZULE.

### APPEAL FROM ST. LOUIS COURT OF COMMON PLEAS.

WHITTELSEY for plaintiff.

The single point presented in this case, is, did the court below commit error, in affirming the judgment of the justice, because the appellant had failed to file his appeal from the judgment of the justice, by neglecting to pay the jury fee of one dollar?

Acts of 1847, p. 69, sec. 3, provides "that on a filing of any appeal from a justice of the peace to either of said courts (St. Louis circuit court and common pleas) the clerk shall receive from the appellant one dollar as a jury fee."

The appellant below failed to do this, and the appellee paid the jury fee, filed the appeal, and had the judgment of the justice affirmed.

Revised code 1845, p. 671, sec. 23, provides for affirming the judgment of the justice, which applies to cases where the party fails to prosecute his appeal with effect.

Rev. code 1845, art. costs, p. 244, sec. 16, provides, "that in all cases when appeal from a justice shall not be prosecuted according to law, the judgment shall be affirmed, and the costs adjudged accordingly."

The appellant having failed to pay the jury fee of one dollar, his appeal was not filed on the first day of the term, as by law required, and his appeal not having been filed, he *failed to prosecute* his appeal as by law required, and the judgment of the justice was therefore properly allowed, upon the appellee's producing the papers, paying the jury fee, and filing the appeal.

The counsel for the appellee, therefore submits that there was no error in the proceedings of the court below, and its judgment affirmed.

The case of Hardison vs. Cumberland Valley, exactly covers this case, and settles the point involved in it of the authority of the court of comman pleas, to affirm the judgment, for want of payment of the jury fee.

RYLAND, Judge, delivered the opinion of the court.

This case comes within the principles of the decision made at this term of the court, in the case of Hardison vs. steam boat Cumberland Valley—reference is therefore made to that decision as the one that will govern this.